FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 21, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PROGRESSIVE DIRECT INSURANCE COMPANY, a foreign insurer,<br><br>Plaintiff,<br><br>v.<br><br>ESTHER MADRIGAL de MENDOZA; JESUS MENDOZA; ANDREA SALAZAR; LILIANA ALVAREZ TORRES; TERESA BARRERA; MARIA GARCIA; SANTOS CASTRO; and MARIA BARAJAS DE INDA,<br><br>Defendants. | NO: 4:19-CV-5181-RMP<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION IN FEDERAL COURT |

BEFORE THE COURT is Defendants' First Motion to Dismiss for Lack of Jurisdiction in Federal Court, ECF No. 16. A telephonic hearing was held on this matter on October 9, 2019. Defendants are represented by Edwardo Morfin. Plaintiff is represented by Eric J. Neal and Thomas Lether. The Court has considered the parties' arguments, the briefing, the record, and is fully informed.

ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION IN FEDERAL COURT ~ 1

# BACKGROUND

On February 23, 2017, Progressive issued an automobile insurance policy to Jesus Mendoza. ECF No. 1 at 3. Mr. Mendoza rejected personal injury protection (PIP) coverage. *Id*. at 3–4. PIP coverage protects against "losses or expenses incurred by or on behalf of one insured person because of bodily injury sustained in any one accident." ECF No. 24-9 at 14. Progressive offers multiple levels of PIP coverage. *See id*. The lowest level of PIP coverage provides:

    (1)    $10,000 for medical and hospital benefits;
    (2)    $10,000 for income continuation benefits, with some restrictions;
    (3)    $2,000 for funeral expenses; and
    (4)    $5,000 for loss of services benefits, subject to limitations.

*Id*. Insureds have the option to purchase additional PIP coverage, which provides the following:

    (1)    $35,000 for medical and hospital benefits;
    (2)    $35,000 for income continuation benefits, with some restrictions;
    (3)    $2,000 for funeral expenses; and
    (4)    $14,600 for loss of services benefits, subject to limitations.

*Id*. When he purchased the policy, Mr. Mendoza did not purchase either version of PIP coverage. He also signed a waiver indicating his refusal to purchase PIP coverage. ECF No. 1 at 3. Mr. Mendoza renewed his policy twice, under the same policy number. *Id*. at 4. At no point did Mr. Mendoza add PIP coverage to his plan. In February of 2018, Mr. Mendoza added his mother, Esther Madrigal de Mendoza, to the insurance policy as an insured driver. *Id*.

On July 28, 2018, Ms. Madrigal was involved in a collision as a driver. *Id*. at 5. She had five passengers in her car: Liliana Alvarez Torres, Teresa Barrera, Maria Garcia, Santos Castro, and Maria Barajas de Inda. *Id*.

After the accident, Ms. Madrigal filed a claim with Progressive, seeking PIP coverage, which was denied because neither she nor Mr. Mendoza had purchased PIP coverage. ECF No. 23 at 4. Ms. Madrigal challenged Progressive's decision and filed an Insurance Fair Conduct Act (IFCA) notice against Progressive. *See* ECF Nos. 21-7, 21-8. She argues that Progressive had a duty under Washington law to offer her PIP coverage when she was added to the insurance policy. *See* ECF No. 27 at 7–8; ECF No. 21-7 at 2–3; Wash. Rev. Code § 48.22.095(1) ("Insurers providing automobile insurance policies must offer minimum personal injury protection coverage for each insured.").

Progressive filed a Complaint in this Court seeking declaratory relief. ECF No. 1 at 7. Progressive asks the Court to declare the rights and obligations of the parties under the policy and "for a declaration that Progressive does not owe any PIP coverage to Defendants under the Policies for the subject accident." *Id*. Deciding this issue requires an analysis of Washington law.

Plaintiff alleges that this Court has jurisdiction through 28 U.S.C. § 1332(a)(1), diversity jurisdiction. ECF No. 1. Ms. Madrigal and the other interested Defendants have moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), and asking for costs and fees, arguing that this Court lacks subject matter jurisdiction

because the amount in controversy does not exceed $75,000. ECF No. 16. Defendants contend that the amount in controversy is $60,000 because Washington law only requires Progressive to offer $10,000 in PIP coverage for each of the six people in Ms. Madrigal's car at the time of the collision. *Id.*; *see* Wash. Rev. Code § 48.22.095.

## LEGAL STANDARD

To establish federal jurisdiction under 28 U.S.C. § 1332(a)(1), the proponent must allege complete diversity and that the amount in controversy exceeds $75,000. *Naffe v. Frey*, 789 F.3d 1030, 1039 (9th Cir. 2015). In a declaratory action, the object of the litigation determines the amount in controversy. *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). Future attorneys' fees factor into the amount in controversy if state law authorizes attorneys' fees for the plaintiff's claims. *Fritsch v. Swift Transp. Co. of Ariz.*, LLC, 899 F.3d 785, 794 (9th Cir. 2018).

When a defendant challenges diversity jurisdiction by alleging that the amount in controversy has not been satisfied, the plaintiff must support its jurisdictional allegation. In those instances, the "legal certainty" test applies. *Naffe v. Frey*, 789 F.3d 1030, 1039 (9th Cir. 2015). The aim of the legal certainty test is to prevent plaintiffs from alleging damages in excess of $75,000 in bad faith, merely to obtain federal court jurisdiction. *Id.* at 1040. Pursuant to the test, the district court may find that the amount in controversy is not met only if it "appears to a legal certainty"

that the plaintiff's claims will fall below $75,000. *Id*. "[T]he legal certainty test makes it very difficult to secure a dismissal of a case on the ground that it does not appear to satisfy the jurisdictional amount requirement." *Id*. (quoting *Pachinger v. MGM Grand Hotel, Inc.*, 802 F.2d 362, 364 (9th Cir. 1986) (quoting 14A Wright, Miller, and Cooper, *Federal Practice & Procedure, Jurisdiction* § 3702, at 48–50 (2d ed. 1985))).

## DISCUSSION

Plaintiffs argue that the Court must use the insurance policy's maximum PIP coverage rate to determine the amount in controversy. Generally, when an insured challenges the validity of her insurance policy, the insurance company's maximum potential liability under the policy is the "object of the litigation." *Budget Rent-A-Car, Inc., v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997). In other words, the terms of the policy determine the amount in controversy, and the value of any underlying tort action is irrelevant. On the other hand, when the insured challenges the applicability of the insurance policy regarding a particular issue or event, then the amount in controversy is the amount of the "underlying potential tort action." *Id*.

In this instance, the parties agree that the validity of the policy's PIP coverage is at issue. *See* ECF No. 27 at 5. Defendants challenge the legality of the steps that Progressive took in amending and renewing the policy. *See* ECF No. 21-7. They argue that Progressive had a duty to offer Ms. Madrigal PIP coverage under Washington law, but that Progressive failed to do so. *Id*. Because the validity of

the policy's PIP coverage is at issue, the amount in controversy is the policy's maximum PIP coverage. The maximum PIP coverage offered by the relevant policy is $35,000 per person, or $210,000 for six people. *See* ECF 24-9 at 14. This amount exceeds $75,000, as required by 28 U.S.C. § 1332(a)(1).

Defendants argue that Washington State law only requires Progressive to offer $10,000 per person. Thus, they contend that Progressive's maximum liability in this matter is $60,000. However, the Washington State Supreme Court has made clear that an insured may recover attorneys' fees in a declaratory judgment action. *Leingang v. Pierce Cnty. Medical Bureau, Inc.*, 930 P.2d 288, 296 (Wash. 1997). Therefore, even if the Court accepts Defendants' argument that Progressive's maximum PIP liability is $60,000, the Court also must factor in the attorneys' fees available to Defendants if they succeed. These fees likely will exceed $15,000. Even using Defendants' calculations, Progressive's claims are not "legally certain" to fall below the jurisdictional amount of $75,000. Therefore, this Court has subject matter jurisdiction to hear the instant case pursuant to 28 U.S.C. § 1332(a)(1).

Accordingly, **IT IS HEREBY ORDERED** that Defendants' First Motion to Dismiss for Lack of Jurisdiction in Federal Court, **ECF No. 16**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** October 21, 2019.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION IN FEDERAL COURT ~ 6