FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 19, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PROGRESSIVE DIRECT INSURANCE COMPANY, a foreign insurer,<br><br>Plaintiff,<br><br>v.<br><br>ESTHER MADRIGAL de MENDOZA; TERESA BARRERA; MARIA GARCIA; SANTOS CASTRO; and MARIA BARAJAS DE INDA,<br><br>Defendants. | NO: 4:19-CV-5181-RMP<br><br>ORDER GRANTING DEFAULT JUDGMENT AGAINST MARIA GARCIA; TERESA BARRERA; SANTOS CASTRO; and MARIA BARAJAS DE INDA |

BEFORE THE COURT is Progressive's Motion for Default Judgment against Defendants Maria Garcia, Teresa Barrera, Santos Castro, and Maria Barajas de Inda, all of whom have been served but have failed to answer Progressive's Complaint, or otherwise defend this action, ECF No. 44. *See* ECF Nos. 3–5, 7. The Court has considered the motion, the record, the relevant case law, and is fully informed.

ORDER GRANTING DEFAULT JUDGMENT AGAINST MARIA GARCIA; TERESA BARRERA; SANTOS CASTRO; and MARIA BARAJAS DE INDA ~ 1

## BACKGROUND

This case involves an insurance dispute about a Progressive automobile insurance policy. In February of 2018, Ms. Madrigal de Mendoza and her vehicle were added to her son's Progressive automobile insurance policy. ECF No. 1 at 4–5. On July 28, 2018, Ms. Madrigal de Mendoza was involved in a collision as a driver. *Id*. at 5. She had five passengers in her car at the time of the collision: Liliana Alvarez Torres, Teresa Barrera, Maria Garcia, Santos Castro, and Maria Barajas de Inda. *Id*. After the collision, Ms. Madrigal de Mendoza filed a claim for Personal Injury Protection coverage ("PIP coverage"), which Progressive rejected. *Id*. at 5–6. If PIP coverage had been provided, it would have applied to Ms. Madrigal de Mendoza and to her passengers during the collision. Progressive rejected the claim because PIP coverage had been refused when the policy was created, and PIP coverage had never been added later. *See id*. at 6.

Progressive filed a Complaint in this Court seeking declaratory relief, requesting "a declaration that Progressive does not owe any PIP coverage to Defendants under the Policies for the subject accident." ECF No. 1 at 7. Now, Progressive moves for default judgment against several of the passengers in Ms. Madrigal de Mendoza's car during the collision: Maria Garcia, Teresa Barrera, Santos Castro, and Maria Barajas de Inda. ECF No. 44.

ORDER GRANTING DEFAULT JUDGMENT AGAINST MARIA GARCIA; TERESA BARRERA; SANTOS CASTRO; and MARIA BARAJAS DE INDA ~ 2

# LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(a), "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once the clerk has entered default against a party, the moving party may seek default judgment. *See* Fed. R. Civ. P. 55(b). When moving for Default Judgment, Local Rule 55(b)(1) requires the moving party to "(A) specify whether the party against whom judgment is sought is an infant or an incompetent person . . . and (B) attest that the Servicemembers Civil Relief Act . . . does not apply." LCivR 55(b)(1). When the amount sought by the judgment is not a "sum certain or a sum that can be made certain by computation," the moving party must "apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(1)–(2).

The decision to grant default judgment lies within the discretion of the trial court. *PepsiCo. Inc. v. Cal Sec. Cans*, 283 F. Supp.2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924–25 (9th Cir. 1986)). To decide if judgment against a defendant in default is appropriate, district courts consider the following factors, explained by the Ninth Circuit in *Eitel v. McCool*:

(1) The possibility of prejudice to the plaintiff;

(2) The merits of the plaintiff's substantive claim;

(3) The sufficiency of the complaint;

(4) The sum of money at stake in the action;

(5) The possibility of a dispute concerning material facts;

(6) Whether the default was due to excusable neglect; and

(7) The strong public policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

782 F.2d 1470, 1471–72 (9th Cir. 1986). Once the clerk enters default against a party, the well-pleaded allegations of the complaint are taken as true, except for allegations related to damages. *See Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977).

## DISCUSSION

**Procedural Requirements**

Prior to moving for default judgment, Progressive was required to seek an entry of default from the Clerk of this Court and to comply with Local Rule 55(b)(1). Progressive obtained an entry of default from the Clerk. *See* ECF No. 43. Additionally, it has complied with Local Rule 55(b)(1) by submitting a declaration stating that none of the Defendants is an infant or incompetent, and that the Servicemembers Civil Relief Act does not apply. *See* ECF No. 45; LCivR 55(b)(1). Therefore, Progressive has satisfied the procedural requirements of the federal and local rules, and the Court may consider whether to enter default judgment against the Defendants.

/ / /

/ / /

ORDER GRANTING DEFAULT JUDGMENT AGAINST MARIA GARCIA; TERESA BARRERA; SANTOS CASTRO; and MARIA BARAJAS DE INDA ~ 4

***Eitel* Factors**

The first *Eitel* factor considers prejudice to Progressive if the Court refuses to grant default judgment against the non-appearing Defendants in this case. Even though declaratory relief is being awarded to Progressive against Ms. Madrigal de Mendoza, Progressive could face additional litigation costs in the future if the non-appearing Defendants are not defaulted at this time. Therefore, the first factor weighs in favor of default judgment.

The Court considers the next two *Eitel* factors together, as they are closely related: the merits of Progressive's case and the sufficiency of its Complaint. In this process, "[t]he Court must consider whether the allegations in the Complaint are sufficient to state a claim that supports the relief sought." *Atain Specialty Ins. Co. v. All New Plumbing, Inc.*, 2:19-cv-02746-MCE-KJN, 2019 WL 3543854, at *3 (E.D. Cal. Aug. 5, 2019). In a separate Order, the Court found that Progressive is entitled to judgment as a matter of law against the appearing Defendants. The non-appearing Defendants are similarly situated to the appearing Defendants, and the type of relief sought does not differ between these two groups. Therefore, the allegations in the Complaint are sufficient to state a claim that supports the relief sought against the non-appearing Defendants.

Next, the Court considers the amount at stake in this action. Here, Progressive seeks only a declaratory judgment against Defendants rather than monetary damages, and there is no sum in contention. Therefore, this factor weighs in favor of

default judgment against Defendants.  *See, e.g., Integon Preferred Ins. Co. v. Broughton*, CV 16–09207–AB (ASx), 2017 WL 8186043, at *3 (C.D. Cal. Aug. 4, 2017) (When an insurance company sought "only a declaratory judgment that it [was] no longer under an obligation to defend or indemnify Defendant," this factor favored default judgment.).

The fourth *Eitel* factor asks the Court to determine whether there is a possibility of dispute as to any material facts in the case.  The material facts in this case are straightforward.  Moreover, the appearing Defendants, which include Ms. Madrigal de Mendoza, did not contest the material facts as set forth by Progressive.  *See* ECF No. 28 at 5 ("In this matter, the relevant material facts surrounding the Progressive insurance policy and PIP rejection are not in dispute.").  Therefore, there is little likelihood that the non-appearing Defendants would raise a dispute of material fact in this case, and the fourth factor weighs in favor of default judgment.

The fifth factor is the possibility of excusable neglect.  The non-appearing Defendants have been properly served.  *See* ECF Nos. 3–5, 7.  After searching the record, the Court does not find any indication that Defendants have failed to appear for a reason that would constitute excusable neglect.  Therefore, the fifth factor weighs in favor of entering default judgment.

Lastly, the Court considers the important policy of deciding cases on their merits.  "Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472.  However, this preference is one factor to be weighed, and

"does not preclude a court from granting default judgment." *Kloepping v. Fireman's Fund*, C 94-2684 THE, 1996 WL 75314, at *3 (N.D. Cal. Feb. 13, 1996). While this final factor weighs against entering default judgment, it is not enough to tip the scale in favor of the non-appearing Defendants.

Upon a balancing of the *Eitel* factors, the Court finds that Default Judgment against Maria Garcia, Teresa Barrera, Santos Castro, and Maria Barajas de Inda is appropriate.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment **ECF No. 44**, is **GRANTED**. Judgment shall be entered against Defendants Maria Garcia, Teresa Barrera, Santos Castro, and Maria Barajas de Inda. Progressive does not owe PIP coverage to these Defendants for the subject accident.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** November 19, 2019.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge