FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 19, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

PROGRESSIVE DIRECT INSURANCE COMPANY, a foreign insurer,

    Plaintiff,

v.

ESTHER MADRIGAL de MENDOZA; TERESA BARRERA; MARIA GARCIA; SANTOS CASTRO; and MARIA BARAJAS DE INDA,

    Defendants.

NO: 4:19-CV-5181-RMP

ORDER RESOLVING CROSS-MOTIONS FOR SUMMARY JUDGMENT

BEFORE THE COURT are Progressive's Motion for Summary Judgment, ECF No. 20, and Defendants' Motion for Summary Judgment, ECF No. 28. A hearing was held on these matters on November 18, 2019. The Court has considered the motions, the record, the oral argument, and is fully informed.

## BACKGROUND

On February 23, 2017, Progressive issued an automobile insurance policy to

ORDER RESOLVING CROSS-MOTIONS FOR SUMMARY JUDGMENT ~ 1

Jesus Mendoza. ECF No. 1 at 3. Mr. Mendoza rejected personal injury protection (PIP) coverage on the policy through a signed waiver. *Id*. at 3–4. PIP coverage protects against "losses or expenses incurred by or on behalf of one insured person because of bodily injury sustained in any one accident." ECF No. 24-9 at 14. In February of 2018, Mr. Mendoza added his mother, Esther Madrigal de Mendoza, to the insurance policy as a driver, along with her vehicle. *Id*. The parties agree that PIP coverage was never added to Mr. Mendoza's insurance policy.

On July 28, 2018, Ms. Madrigal de Mendoza was involved in a collision as a driver. *Id*. at 5. She had five passengers in her car: Liliana Alvarez Torres, Teresa Barrera, Maria Garcia, Santos Castro, and Maria Barajas de Inda. *Id*. After the accident, Ms. Madrigal de Mendoza filed a claim with Progressive, seeking PIP coverage, which was denied because neither she nor Mr. Mendoza had purchased PIP coverage. *Id*. at 4..

Ms. Madrigal de Mendoza challenged Progressive's decision and filed an Insurance Fair Conduct Act (IFCA) notice against Progressive. *See* ECF Nos. 21-7, 21-8. She argues that Progressive had a duty under Washington law to offer her PIP coverage when she was added to the insurance policy. *See* ECF No. 27 at 7–8; ECF No. 21-7 at 2–3; Wash. Rev. Code § 48.22.085(1) ("Insurers providing automobile insurance policies must offer minimum personal injury protection coverage for each insured.").

Progressive filed a Complaint in this Court seeking declaratory relief. ECF

ORDER RESOLVING CROSS-MOTIONS FOR SUMMARY JUDGMENT ~ 2

No. 1 at 7. Progressive asks the Court to declare the rights and obligations of the parties under the policy. Specifically, it requests "a declaration that Progressive does not owe any PIP coverage to Defendants under the Policies for the subject accident." *Id*.

Both parties have moved for summary judgment, each arguing that there are no issues of material fact remaining, and that the Court should decide Progressive's duties under Washington law and the relevant insurance policy as a matter of law. The Court agrees that there are no issues of material fact in this matter, and that the deciding question is whether Progressive had a legal duty to offer PIP coverage when Ms. Madrigal de Mendoza and her car were added to the relevant insurance policy.

## LEGAL STANDARD

When parties file cross-motions for summary judgment, the Court considers each motion on its own merits. *See Fair Housing Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001). A court may grant summary judgment where "there is no genuine dispute as to any material fact" of a party's prima facie case, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A genuine issue of material fact exists if sufficient evidence supports the claimed factual dispute, requiring "a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*,

ORDER RESOLVING CROSS-MOTIONS FOR SUMMARY JUDGMENT ~ 3

809 F.2d 626, 630 (9th Cir. 1987).

The moving party bears the burden of showing the absence of a genuine issue of material fact, or in the alternative, the moving party may discharge this burden by showing that there is an absence of evidence to support the nonmoving party's prima facie case. *Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party to set forth specific facts showing a genuine issue for trial. *See id.* at 324. The nonmoving party "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided . . . must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 322 n.3 (internal quotations omitted).

The Court will not infer evidence that does not exist in the record. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990). However, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## DISCUSSION

### *Summary of the Parties' Legal Arguments*

The defining legal question in this case is whether Progressive was required to re-offer PIP coverage on the relevant insurance policy when Ms. Madrigal de Mendoza and her car were added to the policy. RCW 48.22.085 governs PIP coverage in Washington. Each time an insurer issues a new automobile insurance policy, the insurer must offer PIP coverage to the insured. Wash. Rev. Code §

48.22.085(1). Any named insured on the policy may reject the offer of PIP coverage in writing. Wash. Rev. Code § 48.22.085(2). If a named insured rejects PIP coverage in writing, then "[t]he insurer is not required to include personal injury protection coverage in any supplemental, renewal, or replacement policy." Wash. Rev. Code § 48.22.085(2)(b).

Progressive maintains that the statute governing PIP coverage is unambiguous, making its argument simple: Ms. Madrigal de Mendoza did not purchase a new policy with Progressive. Rather, she was added to an existing policy. Therefore, Progressive had no duty to re-offer PIP coverage.

On the other hand, Defendants argue that a "new policy" was created for the purposes of RCW 48.22.085 when Ms. Madrigal de Mendoza and her car were added to the existing policy. Defendants rely on the "material change" standard adopted by Washington courts to argue that a "new policy" was created here. Washington courts recognize the material change rule in the context of uninsured and underinsured motorist coverage ("UIM coverage"). *Torgerson v. State Farm Mutual Auto. Ins. Co.*, 957 P.2d 1283, 1286–87 (Wash. Ct. App. 1998). The material change rule dictates that, when there is a material change in an insurance policy, the policy is a "new policy" for purposes of UIM coverage. *Id*. Like PIP coverage, insurance providers are required to offer UIM coverage when they issue "new policies," and the named insured may reject UIM coverage in writing. *See* Wash. Rev. Code § 48.22.030. While the material change rule clearly applies to

ORDER RESOLVING CROSS-MOTIONS FOR SUMMARY JUDGMENT ~ 5

UIM coverage, no Washington court has applied the rule to PIP coverage. Defendants argue that, given the similarity between the UIM and PIP statutes, this Court should apply the material change rule to PIP coverage.

Progressive counters by arguing that, even if the material change standard applies to PIP coverage, the facts presented here do not constitute a material change. Progressive maintains that, under Washington law, adding a new car and new insured driver to an existing policy does not create a new policy and does not constitute a material change in an existing policy. Therefore, even under the material change rule, Progressive had no duty to offer PIP coverage to Ms. Madrigal de Mendoza.

*Material Change*

For the purposes of its analysis, this Court will begin by assuming, without deciding, that the material change rule applies to PIP Coverage. If no material change occurred, then Progressive must prevail as a matter of law, as no new policy was issued, and Progressive's duty to re-offer PIP coverage was not triggered.

There is no bright line rule to determine which changes to an insurance policy are material changes. Rather, the court must engage in a fact-specific inquiry. *Torgerson*, 957 P.2d at 1287–88. In *Torgerson v. State Farm Insurance Company*, the Washington Court of Appeals outlined a number of scenarios that failed to constitute a material change in the UIM context. The *Torgerson* Court

ORDER RESOLVING CROSS-MOTIONS FOR SUMMARY JUDGMENT ~ 6

explained, "A 'majority of jurisdictions which have dealt with the question do not find a new policy created when a party replaces a vehicle covered under an existing policy with a new vehicle.'" *Id*. at 1286 (quoting *Johnson v. Farmers Ins. Co.*, 817 P.2d, 841, 847 (Wash. 1991)). Similarly, the addition of a new car to an existing policy is not a material change. *Id*. Although the *Torgerson* Court did not state it expressly, the court strongly implied that "just changes of vehicles and named insureds" do not constitute material changes. *Id*. at 1287.

On the other hand, when an insured makes changes to the types of coverage in her policy, or increases the level of coverage, a material change may occur. *Id*. Indeed, the *Torgerson* Court found these types of changes convincing when it concluded that a material change had occurred in that case. *See id*.

The facts of this case align with the scenarios described in *Torgerson* that failed to constitute material change. As the *Torgerson* Court explained, "the addition of a new car to an existing policy is no more than a renewal of, or an action supplementary to, the original policy." *Id*. at 1287. Here, Ms. Madrigal de Mendoza, and her car, were added to an existing policy.

Conversely, Ms. Madrigal de Mendoza did not change any terms of the policy by adding or removing types of coverage. Defendants argue that coverage of the new car resulted in increased liability under the policy, and therefore a de facto change to the terms of the coverage occurred. However, increased liability naturally results from adding a vehicle to an insurance policy, and the Washington

Court of Appeals already has decided that such an action does not constitute a material change. *Id*. at 1287.

Therefore, even if the material change standard applies to PIP coverage, no material change occurred on these undisputed facts, and Progressive prevails as a matter of law.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 20**, is **GRANTED** and judgment shall be entered for Plaintiff against Defendant Esther Madrigal de Mendoza. Progressive does not owe PIP coverage to Defendants for the subject accident.

2. Defendants' Motion for Summary Judgment, raised in their response memorandum, ECF No. 28, is **DENIED**.

3. Any remaining, pending motions in this matter are **DENIED AS MOOT**, and any hearing dates are hereby **STRICKEN**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, provide copies to counsel, and **close this case**.

**DATED** November 19, 2019.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge